Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| **JOSE OSCAR MELENDEZ PAGAN Y OTROS**<br><br>Parte apelada<br><br>v.<br><br>**HECTOR LUIS VALDIVIESO MONTALVO POR SI Y EN REPRESENTACION DE LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTO CON STEPHANIE VAZQUEZ DIAZ Y OTROS**<br><br>Parte apelante<br><br>**ANGEL LUIS COLON CAMACHO**<br><br>Codemandado-apelante | KLAN202301160 | **APELACION**<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil núm.:<br>**TA2023CV00423 (403)**<br><br>Sobre:<br>**Impericia Profesional contra otros Profesionales (no médicos)** |

Panel integrado por su presidenta la juez Domínguez Irizarry, la juez Grana Martínez y el juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

### RESOLUCION

En San Juan, Puerto Rico, a 22 de febrero de 2024.

Comparece ante nos Ángel Luis Colón Camacho, en adelante, Colón Camacho o peticionario, solicitando que revisemos la *"Orden"* del Tribunal de Primera Instancia, Sala de Bayamón, en adelante, TPI-Bayamón, notificada el 4 de octubre de 2023. Mediante dicha misiva, el Foro Primario anotó la rebeldía del peticionario, en el caso civil TA2023CV00423 sobre daños y perjuicios.

Colón Camacho no recurre de una sentencia o determinación del TPI-Bayamón que adjudique finalmente la controversia del caso. Por recurrir de una *"Orden"* que no le da finalidad a la controversia,

convertimos este recurso de apelación en un *certiorari*, y como tal lo atenderemos.[1]

Por los fundamentos que expondremos a continuación, *denegamos expedir el auto solicitado.*

**I.**

El 2 de mayo de 2023, el Grupo Meléndez Corp. y José Oscar Meléndez Pagán, en adelante, recurridos, presentaron una demanda en Daños y Perjuicios y Daños Económicos en contra de Colón Camacho, y otros.[2] El peticionario presentó una *"Moción Solicitando Prórroga para Contestar Demanda"* el 24 de agosto de 2023.[3] Unos días más tarde, el TPI-Bayamón le concedió a Colón Camacho una prórroga de treinta (30) días, mediante *"Orden"* notificada el 28 de agosto de 2023.[4]

Vencido el término de la prórroga sin que el peticionario contestara la demanda, los recurridos presentaron al TPI-Bayamón una *"Solicitud de Anotación de Rebeldía"*, el 4 de octubre de 2023.[5] El 4 de octubre de 2023 el Foro Primario anotó la rebeldía al peticionario.[6] Al día siguiente, siendo 5 de octubre de 2023, Colón Camacho presentó una *"Moción Solicitando se Dese [sic] sin efecto la Anotación de Rebeldía contra el Codemandado, Colón Camacho"*.[7] Ese mismo día, presentó, también, su *"Contestación a Demanda"*.[8]

Habiéndosele concedido un término de quince (15) días para replicar a la solicitud del peticionario para dejar sin efecto la rebeldía, los recurridos presentaron la *"Réplica a Moción Solicitando*

---

[1] Esto lo hacemos en conformidad con lo dispuesto en la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1.
[2] Apéndice del recurso, pág. 1.
[3] *Id.* pág. 22.
[4] *Id.* pág. 23.
[5] *Id.* pág. 26.
[6] *Id.* pág. 27.
[7] *Id.* pág. 28.
[8] *Id.* pág. 30.

*se deje sin efecto la Anotación de Rebeldía contra el Codemandado Colón Camacho"*, el 10 de octubre de 2023.[9]

Luego, el 11 de octubre de 2023, el TPI-Bayamón le concedió al peticionario un término de diez (10) días para presentar justa causa a la demora en su contestación a la demanda.[10] Por el incumplimiento de esta orden, el Foro Primario notificó que sostendría la anotación de rebeldía, el 30 de octubre de 2023.[11]

Así las cosas, el peticionario presentó una "Moción en Solicitud de Reconsideración en cuanto Anotación de Rebeldía contra el Codemandado, Colón Camacho".[12] Luego de una réplica por los recurridos, en respuesta a la precitada moción,[13] el TPI-Bayamón, notificó una *"Orden"* el 29 de noviembre de 2023.[14] En la misma, el Foro Primario denegó la solicitud de reconsideración y ordenó la continuación de los procedimientos.

Inconforme, el 28 de diciembre de 2023, Colón Camacho recurre ante esta Curia mediante un recurso de apelación, ahora convertido en *certiorari*, y una *"Moción en Auxilio de Jurisdicción"*. En su escrito, el peticionario nos plantea el siguiente error:

> ERRÓ EL TPI AL DECLARAR NO HA LUGAR LA SOLICITUD DE RECONSIDERACIÓN EN CUANTO A LA ANOTACIÓN DE REBELDIA DEL CODEMANDADO, ÁNGEL LUIS COLÓN CAMACHO.

Mediante *"Resolución"* de ese mismo día, este Tribunal declaró *"No Ha Lugar"* la solicitud de auxilio de jurisdicción, y le otorgó a los recurridos un término de diez (10) días para presentar su Alegato en Oposición. El 8 de enero de 2024, los recurridos comparecieron con su *"Contestación de Apelación"*.

---

[9] Apéndice del recurso, págs. 33-34.
[10] *Id.* pág. 40.
[11] *Id.* pág. 42.
[12] *Id.* pág. 43.
[13] *Id.* pág. 51.
[14] *Id.* pág. 53.

Con el beneficio de la comparecencia de ambas partes, procedemos a expresarnos.

**II.**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera Gómez y otros v. Arcos de Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, 212 DPR ___ (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del TPI, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

> [. . .]

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos

de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, **anotaciones de rebeldía** o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones. *Rivera Gómez v. Arcos Dorados Puerto Rico, Inc. y otros*; supra; *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 710 (2019).

A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios a considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Rivera Gómez y otros v. Arcos de Dorados Puerto Rico, Inc. y otros*, supra; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, funge como complemento a la Regla 52.1 de Procedimiento Civil, supra. *Torres González v. Zaragoza Meléndez*, supra, pág. 848. La precitada Regla dispone lo siguiente:

> El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A)   Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B)   Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C)   Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D)   Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E)   Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F)  Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G)  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335-336 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *WMM, PFM et als v. Colegio et als*, 211 DPR 871, 902-903 (2023); *VS PR, LLC v. Drift-Wind*, 207 DPR 253, 273 (2021); *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018); *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**III.**

Habiéndose convertido el recurso de autos en uno de *certiorari*, resulta meritorio mencionar que la controversia planteada – relevante a las anotaciones de rebeldía – está contemplada en los escenarios de la Regla 52.1 de Procedimiento Civil, supra, que delimita nuestra facultad para entender sobre los mismos. Sin embargo, la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, nos provee aquellos criterios para evaluar la expedición de un auto de *certiorari.*

El peticionario nos plantea que el TPI-Bayamón incidió en sostener la rebeldía que el impuso el 4 de octubre de 2023. Sin embargo, luego de un detenido estudio del expediente ante nos, y las exposiciones de ambas partes, colegimos que no existe criterio jurídico que amerite nuestra intervención con lo resuelto por el Foro Primario. Al entender sobre el planteamiento que la parte peticionaria propone ante este Foro, concluimos que la sala de origen no incurrió en prejuicio, abuso de discreción o error manifiesto al sostener la rebeldía del peticionario.

En virtud de lo anterior, y en ausencia de prueba que nos permita resolver en contrario, *denegamos expedir el auto de certiorari* que nos ocupa, conforme a lo dispuesto en la Regla 40 de nuestro Reglamento, *supra.*

**IV.**

Por los fundamentos que anteceden, *se deniega* la expedición del recurso de *certiorari* solicitado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Grana Martínez concurre sin opinión escrita.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones